9161/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendants*
EVERGREEN MARINE CORP. (TAIWAN) LTD.
EVERGREEN MARINE (UK) LIMITED
ITALIA MARITTIMA S.p.A.
EVERGREEN MARINE (HONG KONG) LTD.
EVERGREEN LINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIAGEO NORTH AMERICA, INC.,<br><br>                                Plaintiff,<br><br>- against -<br><br>M/V "CSCL GENOA", her engines, boilers, etc.; and EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE (UK) LIMITED; ITALIA MARITTIMA S.p.A.; EVERGREEN MARINE (HONG KONG) LTD. and EVERGREEN LINE,<br><br>                                Defendants. | 08 CV 4782 (Judge Patterson)<br><br>ECF CASE<br><br>**ANSWER** |

Defendants, EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE (UK) LIMITED; ITALIA MARITTIMA S.p.A.; EVERGREEN MARINE (HONG KONG) LTD. and EVERGREEN LINE (all hereinafter "EVERGREEN"); by their attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its answer to the complaint, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "FIRST".

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "SECOND".

3. Admits that defendants Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Ltd., Italia Marittima S.p.A., Evergreen Marine (Hong Kong) Ltd. are foreign corporations and further admits that defendant Evergreen Line is a joint service agreement as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and further admits that all five defendants have an agent c/o Evergreen Shipping Agency (America) Corp. located at 1 Evertrust Plaza, Jersey City, New Jersey 07302 and admits that defendants Evergreen are engaged in business as ocean common carriers as defined by the Shipping Act of 1984 as modified by the Ocean Shipping Reform Act of 1998 and that defendants Evergreen were slot charterers on board the vessel CSCL GENOA and except as so admitted denies the allegations contained in paragraph THIRD.

4. Admits that the CSCL GENOA was a container vessel employed in ocean common carriage as defined by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act of 1998 and except as so admitted denies the allegations contained in paragraph FOURTH.

5. Admits that on or about the date at the port of shipment stated in Schedule A, a container said to contain cases of liquor was delivered to defendants Evergreen at the port of Dublin, Ireland for carriage to the port of Miami pursuant to the terms and

conditions of Evergreen Line sea waybill 511720013485 and except as so admitted, denies the allegations contained in paragraph FIFTH.

6. Admits that the vessel CSCL GENOA arrived at the port of Miami and that the cargo was delivered and except as so admitted denies the allegations contained in paragraph SIXTH.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph SEVENTH.

8. Denies the allegations contained in paragraph EIGHTH except admits non-payment.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The shipment in question was carried from a foreign port to a United States port pursuant to a sea waybill and was, therefore, subject to the terms and conditions of the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.).

10. Defendants Evergreen claim the benefit of all exceptions, exemptions and limitations contained in the bill of lading contracts and the aforesaid statute to the full extent they may be applicable to it.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. Defendants Evergreen claim the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States and any international conventions which may be applicable to the shipment in question to the full extent they may be applicable to it.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. The complaint fails to state a cause of action against defendants Evergreen.

WHEREFORE, defendants Evergreen pray that the complaint be dismissed together with costs, disbursements and attorneys' fees incurred in the defense of this action.

Dated: New York, New York
June 18, 2008

                CICHANOWICZ, CALLAN, KEANE,
                VENGROW & TEXTOR, LLP
                61 Broadway, Suite 3000
                New York, New York 10006

*Attorneys for Defendant*
EVERGREEN MARINE CORP. (TAIWAN) LTD.
EVERGREEN MARINE (UK) LIMITED
ITALIA MARITTIMA S.p.A.
EVERGREEN MARINE (HONG KONG) LTD.
EVERGREEN LINE

By:    s/ Paul M. Keane

      Paul M. Keane (PMK-5934)

To: James J. Ruddy, Esq.
     McDermott & Radzik, LLP
     Wall Street Plaza
     88 Pine Street – 21st Floor
     New York, NY 10005

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On June 18, 2008, I served a complete copy of EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE (UK) LIMITED; ITALIA MARITTIMA S.p.A.; EVERGREEN MARINE (HONG KONG) LTD.; EVERGREEN LINE answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:  James J. Ruddy, Esq.
     McDermott & Radzik, LLP
     Wall Street Plaza
     88 Pine Street – 21st Floor
     New York, NY 10005


_____
Amanda Magri

DATED:    June 18, 2008
          New York, New York